IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THE BANK OF NEW YORK MELLON TRUST COMPANY,

    Plaintiff,
v.                                                                        CASE NO. 1:09-CV-00034-MP-AK

FRANK C. JOHNSON, JR AND RUTH B. JOHNSON,

    Defendants.

_____/

**O R D E R**

This case is before the Court on several motions. The Court will first address Doc. 6, Motion to Recuse the Honorable Maurice M. Paul and Honorable Allan Kornblum. (Doc. 6.) Defendant states that he cannot receive an impartial trial from Judge Paul or from Judge Kornblum but fails to state any facts as to why he cannot receive an impartial trial. The federal statute dealing with recusal is 28 U.S.C. § 455, Disqualification of Justice, Judge, or Magistrate Judge, which states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." See Moran v. Clarke, 247 F.3d 799, 805 (8th Cir. 2001) (stating the test is whether the average person might reasonably question the judge's impartiality). Under this standard, a judge shall disqualify himself when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1); see also 28 U.S.C. § 144 (stating that a judge who has a bias or prejudice against a party shall remove himself from the proceeding and be replaced by another judge).

However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." See Liteky v. United States, 510 U.S. 540, 555 (1994) (citing United States v. Grinnell Corp., 384 U.S., at 583, 86 S.Ct., at 1710.) As the Court stated in Liteky,

> In and of themselves ( i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required ... when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

See United States v. Larsen, 427 F.3d 1091, 1095 (8th Cir. 2005) (holding that a judge who ruled adversely to a defendant's claim in a prior trial did not disqualify the judge from hearing the current case); Byrne v. Nezhat, 261 F.3d 1075, 1103 (11th Cir. 2001) (stating that "adverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt."). As noted above, Defendant has not stated any fact in his Motion to Recuse that satisfy the standards of 28 U.S.C. § 455 or 28 U.S.C. § 144 for disqualifying either Judge Paul or Judge Kornblum. Therefore, the Court DENIES Defendant's Motion to Recuse the Honorable Maurice M. Paul and Honorable Allan Kornblum at Doc. 6.

Furthermore, the Court notes *sua sponte* that Doc. 19, Notice of Offer to Judicial Law Clerk, does not create a conflict of interest that requires Defendant's Motion to Recuse to be granted. (Doc. 19.) The pertinent rule is that "when a judge's law clerk has a possible conflict of interest, it is the clerk, not the judge, who must be disqualified." Parker v. Connors Steel Co., 855 F.2d 1510, 1525 (11th Cir. 1988); see also In re Corrugated Container Antitrust Litigation, 614 F.2d 958, 968 (5th Cir. 1980) (stating that no conflict of interest exists when the law clerk is

not participating in the case or controversy).  Joseph Troendle, the law clerk who received an employment offer from the law firm representing Plaintiff, has disqualified himself from participating in the case.  Therefore, no conflict of interest exists justifying recusal of Judge Paul.

The second matter before the Court is Doc. 5, Motion to Dismiss any Responses Filed. (Doc. 5.)  The Court has thoroughly reviewed the motion but is unable to determine the precise relief Defendant seeks.  The motion is therefore denied without prejudice to the Defendant raising the issues he attempted to raise in Doc. 5 in a more coherent manner.

The third matter before the Court is Doc. 12, entitled by Defendant as "Motion for Writ of Mandamus or Writ of Prohibition and other Extraordinary [sic] under Rule 21."  (Doc. 12.) Defendant appears to be seeking to have this Court issue a writ of mandamus on itself compelling the Court to rule on his motions immediately.  As an initial matter, the writ of mandamus is used in federal courts to instruct a lower court to exercise its authority over a matter when the lower court has a duty to do so.  Will v. United States, 389 U.S. 90, 95 (1967). Here, the Defendant is seeking to have the lower court issue the writ upon itself, which is improper.  Second, the party seeking the writ of mandamus has the burden to show that his right to issuance of the writ of mandamus is "clear and indisputable."  Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953).  The writ of mandamus is to be granted only in extraordinary circumstances where the moving party has no other adequate means to attain the relief he desires.  Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); see also Roche v. Evaporated Milk Ass'n, 319 U.S. 26 (1943).  Even if it were proper for this Court to issue a writ on itself, a court should issue a writ of mandamus for delay in responding to motions when the moving party alleges and proves that the lower court refuses to proceed with answering the

petitioner's motion or motions. <u>Will v. Calvert Fire Ins.</u>, 437 U.S. 655, 667 (1978). The Court is responding to and answering Defendant's motions. Therefore, for the reasons given above, the Court DENIES Defendant's Motion for Writ of Mandamus at Doc. 12.

The fourth matter before the Court is Doc. 17, entitled by Defendant as "Motion for the Court Directing the Clerk to Reassign the Case to another Judge." (Doc. 17.) Defendant relies upon Florida. Fla. R. Jud. Admin. 2.330(a), which states

> [t]he judge shall rule on a motion to disqualify immediately, but no later than 30 days after the service of the motion as set forth in subdivision (c). If not ruled on within 30 days of service, the motion shall be deemed granted and the moving party may seek an order from the court directing the clerk to reassign the case.

However, the rule Defendant stated applies "only to county and circuit judges in all matters in all divisions of [a state] court" in Florida. Fla. R. Jud. Admin. 2.330(a). The cases Defendant cited are cases applying Fla. R. Jud. Admin. 2.330(j) to Florida cases, not to cases in Federal Court. Defendant has failed to state any rule applicable to this Court that requires Defendant's case to be reassigned to another judge. Therefore, the Court DENIES Defendant's motion at Doc. 17.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's "Motion to Recuse the Honorable Maurice M. Paul and Honorable Allan Kornblum" at Doc. 6 is denied.

2. Defendant's "Motion to Dismiss Any Responses Filed" at Doc. 5 is denied.

3. Defendant's "Motion for Writ of Mandamus or Writ of Prohibition and other Extraordinary [sic] under Rule 21" at Doc. 12 is denied.

4. Defendant's "Motion for the Court Directing the Clerk to Reassign the Case to Another Judge" at Doc. 17 is denied.

5. This matter is referred to the Magistrate for further proceedings.

**DONE AND ORDERED** this  *11th* day of June, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge