IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**THE BANK OF NEW YORK**
**MELLON TRUST COMPANY,**

    **Plaintiff,**

**vs.**                                      **CASE NO. 1:09CV34-MP/AK**

**FRANK C. JOHNSON, JR., et al,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a motion to remand this action to state court on grounds that procedural and jurisdictional defects warrant such relief. (Doc. 25). Defendants are proceeding pro se and are familiar filers in this Court. (See attached list of cases). This is a foreclosure action instituted by the Plaintiff in the Eighth Judicial Circuit Court for Alachua County, Florida, which Defendants removed to this court on February 17, 2009. In the Notice of Removal, Defendants complain that they are not likely to recover in state court because of Judge Monaco's unspecified conspiracy with private parties. (Doc. 1).

As the cases cited by Plaintiff state, the removing party (defendants) bear the burden of showing both federal jurisdiction and procedural compliance with the statutes governing removal. Pursuant to 28 U.S.C. §1441, a state court action may be removed to federal court so long as the federal court has original jurisdiction. If at any time it is

determined that jurisdiction is lacking, the action should be remanded. 28 U.S.C. §1447(c).

While Defendants are correct in their response that motions to remand must be filed within thirty days of the filing of the Notice of Removal, 28 U.S.C. §1447(c), they seem to concede that there is "no subject matter or personal jurisdiction." (See Response, p. 3). Indeed, the pleading upon which this cause is based is a foreclosure action concerning property in Alachua County and is based on an alleged default of mortgage payments. No federal or constitutional issue exists in these set of facts and if there is diversity jurisdiction, it is not apparent on the record and has not been asserted by Defendants as a basis for removal.

28 U.S.C. §1447(c) states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Plaintiff seeks fees and expenses incurred as a result of removal, but such an award is discretionary and it is the opinion of the undersigned that Defendants' pro se status and in forma pauperis status does not warrant such an award.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to remand (doc. 25) be **GRANTED**, and that this cause be **REMANDED** to state court.

**IN CHAMBERS** at Gainesville, Florida, this 24 Day of June, 2009.

**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 1:09cv34-MP/AK**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:09cv34-MP/AK**

# Select A Case

**This person is a party in 5 cases.**

| | | |
|---|---|---|
| 1:07-cv-00225-MP-AK | JOHNSON JR, ET AL v. LAW OFFICES OF MARSHALL C WATSON et al | filed 11/01/07   closed 12/19/07 |
| 1:08-cv-00038-MP-AK | JOHNSON JR v. WILBUR et al | filed 03/13/08   closed 12/12/08 |
| 1:08-cv-00243-MP-AK | JOHNSON v MONACO et al | filed 11/24/08   closed 12/22/08 |
| 1:09-cv-00003-MP-AK | JOHNSON v. IRBY | filed 01/05/09 |
| 1:09-cv-00034-MP-AK | THE BANK OF NEW YORK MELLON TRUST COMPANY NA v. JOHNSON et al | filed 02/17/09 |

# Select A Case

**This person is a party in 4 cases.**

| | | | |
|---|---|---|---|
| 1:91-cv-10144-MP | JOHNSON v. SULLIVAN, et al | filed 09/24/91 | closed 03/08/93 |
| 1:93-cv-10148-MP | JOHNSON v. SHALALA, et al | filed 10/12/93 | closed 02/07/94 |
| 1:97-cv-00025-MP | JOHNSON v. PAUL, et al | filed 02/28/97 | closed 04/07/97 |