IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

THE BANK OF NEW YORK MELLON TRUST COMPANY NA,

    Plaintiff,

v.                                           CASE NO. 1:09-cv-00034-MP-AK

FRANK C JOHNSON, JR, RUTH B JOHNSON,

    Defendants.

_____/

**O R D E R**

This matter is before the Court on Doc. 37, Report and Recommendation of the Magistrate Judge, recommending that this case be remanded to State Court. The Defendants filed objections, Doc. 42, which the Court has reviewed. The Court agrees with the Magistrate Judge that the Defendants have not demonstrated that subject matter exists in this case to support removal. The foreclosure complaint does not raise any federal questions, and the Johnsons[1] have not established complete diversity of the defendants or the requisite amount in controversy. Thus, this action must be remanded to the Alachua County Circuit Court.

The Defendants have also filed two additional requests to file motions (Doc. 45 and 46), as required by the Order at Doc. 36. These motions are illegible and incomprehensible, similar to the myriad of other motions filed by Defendants which necessitated the order at Doc. 36. The motions are denied, and Defendants are directed to continue to follow the procedures in Doc. 36

---

[1] All of the documents filed in this case are filed in the name of Mr. and Mrs. Johnson, but are only signed by Mr. Johnson. Not being an attorney, Mr. Johnson cannot sign documents on behalf of another defendant, even his wife. Each party must sign independently unless represented by an attorney.

before filing any additional documents.

Finally, Bank of New York has requested that it be awarded its attorneys fees in having to respond to this improper removal, pursuant to 28 U.S.C. § 1447(c). That section states,

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Here, as discussed above, the Defendants have consistently made no attempt whatsoever to support federal jurisdiction in this case. Additionally, as noted in previous orders and above, they have persisted in vexatiously multiplying this litigation through nonsensical, unintelligible pleadings despite repeated warnings. Accordingly, although the subject matter of the suit shall be remanded immediately to the state court, this Court will retain jurisdiction to impose "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).

The parties are directed to review and abide by the provisions of Local Rule 54.1 in resolving the amount of these attorney's fees. In this regard, the Court notes that Plaintiff does not appear to have filed the Attorney Time Records required by Local Rule 54.1(B)(2) and (5). Thus, Plaintiff will only be allowed to seek attorney's fees for the month of October, 2009, and beyond, but only if the Plaintiff files the Attorney Time Records for the covered time periods by the 15th of November (for October) and then the 15th of each successive month. The attorney's

fees recoverable include those reasonably expended in seeking the final award of attorney's fees in this case.

Accordingly, as set out above, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge (Doc. 37) is adopted, and the Motion to Remand (Doc. 25) is granted. The Clerk is directed to remand this case to state court.

The motion for award of attorney's fees in Doc. 25 is also granted, and the Court hereby directs that Defendants are liable for Plaintiff's reasonable attorney's fees and costs, pursuant to Local Rule 54.1(D).

The parties shall hereafter follow the provisions of Local Rule 54.1(E) and (F) to address the issue of the amount of fees. The Defendants shall not attempt to reargue the issue of liability for attorney's fees, that issue has been decided.

The undersigned will retain jurisdiction only over the issue of reasonable attorneys fees and costs under Local Rule 54.1.

**DONE AND ORDERED** this _4th_ day of November, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge